UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-----------------------------------------------------------------

WANDA R. HENRY,

       Plaintiff,      **MEMORANDUM & ORDER**
                    13-CV-4797 (MKB)

    v.

URBAN STRATEGIES HEAD START,

       Defendant.

-----------------------------------------------------------------

MARGO K. BRODIE, United States District Judge:

  Plaintiff Wanda R. Henry brings this *pro se* action pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"), against Defendant Urban Strategies Head Start.[1] For the reasons stated below, Plaintiff is granted leave to file an amended complaint within thirty (30) days of the date of this Order.

**I. Background**

  Plaintiff submits an employment discrimination form complaint in which she makes claims of unequal terms of employment and retaliation. (Compl. 3.) Plaintiff does not indicate the basis of the alleged discrimination on the form complaint. Plaintiff also does not provide any facts to support her claims but attaches related documents, including a July 26, 2012 letter that she wrote to Defendant detailing the "mistreatment and hostility I have endured from[] Ms. Pabualan[] and Ms. Rodriguez after beginning my employment at Urban Strategies Head Start." (*See* July 26, 2012 Letter Annexed to Compl.) Based on these attachments, it appears that Plaintiff worked as a teacher at Urban Strategies Head Start from March 1, 2011, until she resigned on August 24, 2012. (*Id.*)

---

[1] Plaintiff has paid the requisite filing fee.

## II. Discussion

### a. Standard of Review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see also* Fed. R. Civ. P. 8(a) ("A pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief[.]"). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555; *Ricciuti v. N.Y.C. Transit Auth.*, 941 F.2d 119, 123 (2d Cir. 1991). In reviewing a *pro se* complaint, the Court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citations and internal quotation marks omitted); *Bamba v. U.S. Dep't of Homeland Sec.*, --- Fed. App'x ---, ---, 2013 WL 5485916, at *1 (2d Cir. Oct. 3, 2013) ("While *pro se* complaints must contain sufficient factual allegations to meet the plausibility standard, we are obliged to construe a *pro se* complaint liberally to raise the strongest arguments it suggests.") (alteration and internal quotation marks omitted) (citing *Harris v. Mills,* 572 F.3d 66, 71–72 (2d Cir. 2009); *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013)). If a "liberal reading of the complaint gives any indication that a valid claim might be stated," then the complaint "should not [be] dismiss[ed] without granting leave to amend at least once." *Shabazz v. Bezio*, 511 F. App'x 28, 31 (2d Cir. 2013) (alteration in original) (quoting *Shomo v. City of New York*, 579 F.3d 176, 183 (2d Cir. 2009)); *see also Boykin v. KeyCorp*, 521 F.3d 202,

216 (2d Cir. 2008) ("[D]ismissal of a *pro se* claim as insufficiently pleaded is appropriate only in the most unsustainable of cases.").

  b. **Plaintiff's Complaint**

  Plaintiff seeks to bring a Title VII claim against Defendant Urban Strategies Head Start but she fails to plead sufficient factual allegations to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *See Twombly*, 550 U.S. at 555. Title VII provides that "[i]t shall be an unlawful employment practice for an employer to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, *because of such individual's race, color, religion, sex, or national origin.*" 42 U.S.C. § 2000e–2(a) (emphasis added); *see also Brown v. City of Syracuse*, 673 F.3d 141, 150 (2d Cir. 2012); *Joseph v. N. Shore Univ. Hosp.*, No. 08-CV-3799, 2011 WL 573582, at *11 (E.D.N.Y. Feb. 15, 2011).

  Even under the most liberal construction of Plaintiff's allegations, she provides no facts that could possibly connect any adverse employment action to one or more of the protected classes. *See Ruston v. Town Bd. of Skaneateles*, 610 F.3d 55, 59 (2d Cir. 2010) ("Under *Iqbal,* factual allegations must be sufficient to support necessary legal conclusions," and must "plausibly suggest an entitlement to relief"); *see also Arista Records, LLC v. Doe 3*, 604 F.3d 110, 120–21 (2d Cir. 2010) (although *Twombly* and *Iqbal* do not impose a heightened pleading standard in employment discrimination cases, enough facts must still be pleaded to make plaintiff's claim plausible).

  In light of Plaintiff's *pro se* status, Plaintiff is granted thirty (30) days leave to file an amended complaint. *See Cruz v. Gomez*, 202 F.3d 593 (2d Cir. 2000) (citation omitted) (emphasizing that a *pro se* plaintiff should be afforded an opportunity "to amend his complaint

3

prior to its dismissal for failure to state a claim, unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim."). The amended complaint must include a short, plain statement of facts sufficient to support a plausible claim that her employer discriminated against her in violation of Title VII. If available, Plaintiff should attach a copy of the charge of discrimination she filed with the Equal Employment Opportunity Commission or the New York State Division of Human Rights. The amended complaint must be filed within 30 days of the date of this Order, or the Complaint shall be dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). Plaintiff is advised that the amended complaint will completely replace the original complaint, must be captioned, "Amended Complaint," and shall bear the same docket number as this Order.

### III. Conclusion

For the foregoing reasons, the Court grants Plaintiff thirty (30) days to file an amended complaint. All further proceedings shall be stayed for thirty (30) days. The Clerk of Court is directed to forward an employment discrimination form complaint to Plaintiff with this Order. Although Plaintiff has paid the filing fee, the Court certifies pursuant to 28 U.S.C. § 1915(a)(3)

that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal.  *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

                                                SO ORDERED:

                                                  s/MKB
                                          MARGO K. BRODIE
                                        United States District Judge

Dated: October 7, 2013
       Brooklyn, New York